IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA TRIO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., <br><br> Defendant. | No. 23 C 1389 <br><br> Jeffrey T. Gilbert <br> United States Magistrate Judge |

## ORDER

The Motion to Compel and Request for an Extension of Time to Complete Jurisdictional Discovery [ECF No. 43] (the "Motion") filed by Plaintiff Sandra Trio ("Plaintiff") is denied for the reasons set forth in this Order.

The parties have been engaged in jurisdictional discovery following the denial of a motion to dismiss filed by Defendant Amazon Web Services, Inc. ("Defendant") in an Order entered by the then-assigned District Judge on 6/11/24 [34]. Defendant since has responded to Plaintiff's jurisdictional discovery by answering interrogatories and producing documents in response to Plaintiff's requests for production. Plaintiff has moved to compel because she is not satisfied with Defendant's discovery responses. The Court will address each of the categories of discovery as to which Plaintiff contends Defendant's discovery responses are deficient.

Plaintiff says Defendant has not fully answered Plaintiff's interrogatory nos. 1, 2, 5, and 8, nor completely responded to Plaintiff's requests for production of documents nos. 4 and 5. As far as the Court can tell, however, Defendant has fully and satisfactorily responded to these discovery requests. Although Defendant registered objections to Plaintiff's interrogatories and requests for production, it also provided substantive answers and produced documents. Defendant says, for example, that it has produced every version of all known customer agreement with Turing Video, Inc. ("Turing"), which manufactured a device that could be used to collect biometric data collected from Plaintiff that was stored on a cloud service hosted by Defendant, and the pricing addendum to that contract. Defendant says it has

produced all documents responsive to Plaintiff's discovery requests in its possession, custody, or control. Simply put, Defendant says it does not have the documents Plaintiff is seeking. There is nothing to indicate to the Court that Defendant is not telling the truth. The Court cannot order Defendant to produce information it says it does not have.

In the Court's view, Plaintiff's broad request for Defendant's marketing materials not limited to marketing material targeting Illinois residents and connected to Rekognition, Defendant's machine-learning and artificial intelligence technology used in connection with Turing users' biometric data stored by Defendant, is not proper jurisdictional discovery in this case. Plaintiff's claims are based on Defendant's use of Rekognition, not any other service or product used or provided by Defendant. Nothing in the Order denying Defendant's motion to dismiss for lack of personal jurisdiction and allowing limited jurisdictional discovery [ECF No. 34] changes the Court's conclusion as to the proper scope of jurisdictional discovery here. Defendant has informed Plaintiff that it has never directed any advertising or marketing campaigns concerning Rekognition to Illinois residents. Again, there is nothing to indicate Defendant is not telling the truth in this regard, and, again, the Court cannot order Defendant to produce documents it says it does not have. To the extent Plaintiff is seeking nationwide marketing materials used by Defendant to establish personal jurisdiction over Defendant for the claims being alleged in this case, that discovery is not relevant to the jurisdictional inquiry that is permitted here nor is that discovery proportional to the needs of this case.

Plaintiff also wants Defendant to identify its employees who were responsible for negotiating and/or servicing Turing's account. But Defendant says Turing was a self-service customer and Defendant's personnel have never sold services to Turing, which apparently is based in California, in Illinois. Further, none of Defendant's employees who were later assigned to the Turing account were based in Illinois according to Defendant, and Plaintiff has not identified any such employees either. So, it is unclear that Plaintiff's request that Defendant identify its employees who dealt with the Turing account will advance Plaintiff's mission to assert personal jurisdiction over Defendant for the claims alleged in this case in a way that is proportional to the needs of this case.

Next, Plaintiff served a Federal Rule of Civil Procedure 30(b)(6) notice and wants Defendant to designate a corporate witness to testify about up to possibly 11 topics. As an initial matter, the Court overrules Defendant's objection that Plaintiff's Rule 30(b)(6) notice was untimely because it was served three days after it was supposed to be served. Plaintiff argues there was no date by which it was to serve its Rule 30(b)(6) notice, but that is jurisdictional discovery and there clearly was a deadline for service of that discovery set in the prior Order. *See* Order dated 6/11/24

[ECF No. 34] at 7 ("By June 25, 2024, Trio should issue jurisdictional discovery."). Defendant is correct that deadlines are deadlines and cannot be ignored cavalierly. The cases Defendant cites in support of its argument that the Court should not allow an untimely Rule 30(b)(6) notice here, however, are factually distinguishable from this case. For example, in the *Broiler Chicken*, case, the notice of deposition at issue was served a month late and after fact discovery had been extended to allow the parties to complete discovery already timely served. The extension was not an invitation to serve new discovery. *In re Broiler Chicken Antitrust Litigation*, 2022 WL 474179, *3 (N.D. Ill. Feb. 16, 2022). In this case, although Plaintiff's notice of deposition was late, discovery was not scheduled to close until two months after the notice was served so there was no prejudice to anyone form the three-day delay. And Plaintiff explains that she did not include a precise date or location for the deposition in the notice because she wanted to work with Defendant to confirm a date and time once its corporate designee was identified. So, in its discretion, the Court will not say that Plaintiff cannot proceed with its untimely Rule 30(b)(6) notice if the topics for the deposition of Defendant's corporate designee are otherwise appropriate.

Plaintiff's proposed deposition topics, however, are not appropriate. Those topics mirror in many respects or are encompassed by Plaintiff's interrogatories and requests for production and, as discussed above, Defendant already has responded satisfactorily to those written discovery requests. As far as the Court can tell, Plaintiff has not identified a Rule 30(b)(6) topic that is not encompassed by Plaintiff's interrogatories and requests for production to which Defendant already has responded. Again, Defendant says it does not have most of the information Plaintiff is requesting. In some instances (e.g., information housed on Turing's computers), Defendant says, understandably, that it cannot access the information itself. In other instance, for example information about Turing' raw, back-end data being stored on Defendant's cloud service, Defendant says even if it could access the data, which it says it cannot do by statute and by its customer agreement with Turing, it would not be able to read or interpret it because only Turing can do that. So, production of that data would not advance Plaintiff's cause. While Plaintiff is not satisfied with Defendant's responses to its Rule 30(b)(6) topics, they are proper responses if true and there is nothing to indicate they are not.

Defendant also says that much of the information Plaintiff is requesting in a Rule 30(b)(6) deposition is irrelevant to a proper jurisdictional inquiry here and the Court agrees with that position. This includes, for example, Plaintiff's broad request for information about marketing materials not related to Rekognition and not limited to contacts with Illinois consumers, such as marketing and campaign materials related to Defendant's cloud-hosting and storage services generally. It also includes requests for testimony about marketing and advertising efforts or campaigns directed

at Turing in Illinois but Defendant maintains it has no such material other than with respect to Rekognition, and it has produced that information.

Defendant also argues that Plaintiff refused its invitation to meet and confer about the Rule 30(b)(6) topics so Plaintiff's Motion should be denied, and that contention has a bit more traction. At the end of the day, however, Plaintiff's Rule 30(b)(6) notice covers ground encompassed by other discovery vehicles to which Defendant already has responded, seeks information that Defendant says it does not have or cannot access, and seeks information that is not relevant or proportional to jurisdictional discovery in this case. So, there is no need for the Court to order the parties to complete the Local Rule 37.2 process before bringing to the Court the matters raised in Plaintiff's Motion to Compel.

Lastly, Defendant objects to producing documents responsive to two categories of information listed in the concluding paragraph of Plaintiff's Motion: (1) evidence of AWS collecting data in Illinois and hosting Illinois users' data on its own servers, and (2) evidence of AWS's financial gains from, and intentional exploitation of, the biometric market in Illinois. See Motion [ECF No. 43] at 13. Defendant says these are new requests for documents not previously served. Plaintiff says they are encompassed within Plaintiff's interrogatories and requests for production identified above. Whether these are new requests or encompassed by prior discovery requests, the information being sought is not relevant or proportional to the needs of this case for purposes of jurisdictional discovery. Plaintiff's claims arise from Defendant's use of Rekognition in connection with biometric data collected by Turing and hosted by Defendant. Plaintiff is seeking to invoke personal jurisdiction over Defendant based on Defendant's dealings with Turing in connection with the collection of that data, and Plaintiff's jurisdictional hook over Defendant needs to arise from that conduct or activity. The two additional categories of information that Plaintiff is seeking go to Plaintiff's ability to exercise general jurisdiction over Defendant, and that is beyond the scope of relevant and proportional jurisdictional discovery in this case. *See* Order dated 6/11/24 [ECF No. 34] at 3 ("Trio does not assert that Illinois has general jurisdiction over AWS, and, therefore, the Court will only address whether Trio has made a prima facie case for specific jurisdiction.").

Finally, Defendant requests the Court order Plaintiff to pay its attorneys' fees incurred in opposing Plaintiff's Motion because it says the Motion could have been substantially narrowed or entirely avoided if Plaintiff had met and conferred properly with Defendant before filing it. AWS Opposition [ECF No. 49] at 14. The Court, however, does not believe any amount of meeting and conferring would have dissuaded Plaintiff from filing her Motion. The parties simply had different views about what information is relevant and proportional for purposes of jurisdictional discovery in this case. The Court has now resolved that dispute. Therefore, the Court

denies Defendant's request (no formal motion was filed) for its attorneys' fees incurred in responding to Plaintiff's Motion.

For all these reasons, there is no need to extend the deadline for completion of jurisdictional discovery as Plaintiff requests, and Plaintiff's Motion to Compel and Request for an Extension of Time to Complete Jurisdictional Discovery [ECF No. 43] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 28, 2025